

**ORDERED in the Southern District of Florida on December 11, 2012.**

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              Case No. 12-13288-AJC

HOSSAM ANTAR,                                       Involuntary Chapter 7

        Debtor.
_____/

### ORDER GRANTING IN PART PETITIONING CREDITOR
### AARON YOUNG'S MOTION FOR STAY PENDING APPEAL AND FOR
### <u>ENLARGEMENT OF TIME TO POST BOND</u>

**THIS MATTER** came before the Court for a hearing on November 29, 2012, on the Petitioning Creditor, Aaron Young's ("Young") Motion to Stay Payment of the Bond Pending the Outcome of Appeal [DE 139], Putative Debtor Hossam Antar's ("Antar" or "Putative Debtor") Response [DE 143] thereto, and Young's Motion for Enlargement of Time to Post Bond [DE 135]. Young seeks to satisfy by setoff the $30,000.00 bond amount ordered by this Court [DE 125] against: (1) a $200,000.00

undisputed final judgment held by Young against the Putative Debtor; and (2) a $27,107.00 undisputed final judgment held by Co-petitioning Creditor Trans-Mia, LLC ("Trans-Mia") against the Putative Debtor. The Court considered the relief sought by the Petitioning Creditors and the Putative Debtor's Response and requested post-hearing submissions from the parties on their competing positions in the form of proposed orders. Upon consideration of the Motion, the Response and the competing memoranda, the Court grants the motions as follows.

## BACKGROUND

On November 8, 2012, the Putative Debtor filed a Renewed Motion to Require Remaining Petitioning Creditors to Post Bond Pursuant to 11 U.S.C. §303 [DE 111], seeking a $100,000.00 bond. Young filed his response on November 13, 2012 [DE 121], challenging the posting of a bond by asserting that the petition was filed in good faith and by further asserting that the Putative Debtor was generating attorney's fees beyond what is necessary to defend himself against the petitioners' petition. The Petitioning Creditors asserted that they were not to blame for the full extent of accumulated attorney's fees incurred in this case and a bond should not be based upon such fees. On November 14, 2012, a hearing was held on the Debtor's Motion and Young's Response, in which the Court granted the Debtor's Motion and ordered that the Petitioning Creditors post a bond in the amount of $30,000.00 [DE 125].

After the hearing, Young filed a Notice of Appeal [DE 134] and an Emergency Motion for Enlargement of Time to Post Bond [DE 135] on November 21, 2012, and

a Motion to Stay Payment of the Bond Pending the Outcome of Appeal [DE 139] on November 26, 2012.

On November 29, 2012, this Court held a hearing on Young's various motions and the Putative Debtor's responses [DE 136, 142, 143] arising from this Court's Order Requiring Remaining Petitioning Creditors to Post Bond [DE 125].

At the November 29 hearing, the Putative Debtor represented he was not contesting the validity of either Young's $200,000.00 judgment or Trans-Mia's $27,107.00 judgment, admitting that the time to appeal both judgments had long since passed. Based upon the proffers and representations, the Court determined that if the two respective judgments were collaterally assigned to the Putative Debtor, and held in escrow by the Putative Debtor's counsel, Nathan Mancuso, as trustee, such collateral assignments would prevent the Petitioning Creditors from further assigning their respective judgments to non-parties to this action, and would provide the Putative Debtor with more than sufficient security to cover any claim for attorney's fees pursuant to 11 U.S.C. §303, which was a basis for the bond. If the Petitioning Creditors prevail on the involuntary petition, the judgments could then be reassigned to each respective Petitioning Creditor, unchanged. On the other hand, if this involuntary case results in dismissal, any award that might be appropriate in favor of the Putative Debtor would result in a proportional reduction of the collaterally assigned judgments. Attorney Mancuso objected to the suggested relief, relying on the fact that a notice of appeal had already been filed. The Putative Debtor argued that the Court was divested of jurisdiction. However, the

notice of appeal does not divest the Court of jurisdiction to correct or modify its own orders, particularly when such corrections or modifications would assist the appellate court in determining the issues on appeal. The Court overrules the Putative Debtor's objections and grants the relief requested.

## ANALYSIS

The execution of the Conditional Assignments of Judgment from the Petitioning Creditors in favor of the Putative Debtor to be held by Attorney Mancuso as Trustee in the form attached hereto as **Composite Exhibit "A"**, shall constitute full compliance with this Court's Order requiring the creditors to post a bond [DE 125] and additionally serves as adequate security for imposing a stay of the Court's Order requiring the creditors to post a bond pending appeal.

An examination of the law on this subject informs the Court that such a disposition is appropriate under the circumstances. Section 303(e) of the Bankruptcy Code provides that "after notice and a hearing, and for cause, the court may require the petitioners under this section to file a bond to indemnify the debtor for such amounts as the court may later allow under subsection (i) of this section." 11 U.S.C. §303(e). Section §303(i) states:

> If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment
> (1) against the petitioners and in favor of the debtor for
>     (A) costs; or
>     (B) a reasonable attorney's fee;
> (2) against any petitioner that filed the petition in bad faith, for
>     (A) any damages proximately caused by such filing; or
>     (B) punitive damages.

11 U.S.C. §303(i).

The provision regarding the posting of a bond is to "discourage frivolous petitions as well as the more dangerous spiteful petitions, based on a desire to embarrass the debtor … or to put the debtor out of business without good cause." *In re Reed*, 11 B.R. 755, 757 (Bankr. S.D. W.Va. 1981) (quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 323 (1977)). Section 303(e) provides that the Court "may" require the petitioning creditors to post a bond upon the Court's finding of "cause." The Court previously determined cause existed and ordered the posting of a bond, but the issue presented by the instant motions is what satisfies the bond requirements.

Several courts have held that a petitioning creditor is permitted to set off his claim against an award of attorney fees and costs arising from the involuntary filing. *In re Apache Trading Group, Inc.,* 229 B.R. 887 (Bankr. S.D. Fla. 1999) (Lessen, J.) (petitioning creditor with a valid claim could set off his claim against an award of fees and costs under 11 U.S.C. §303(i)(1)). In *Apache Trading Group,* Judge Lessen was tasked with the question of whether a petitioning creditor could set off his claim against an award of fees obtained by the Debtor, a proposition similar to the one presented here. The court noted that no finding of bad faith by the petitioning creditors was made during the pendency of the case and held that a setoff against the petitioning creditor's liquidated debts was the most *practical* option given that the petitioner had proceeded in good faith. As the court opined:

> The alternative would be for [Petitioner] to pay the fees and costs to [Debtor], and then for [Petitioner] to convert his liquidated claim to judgment and then proceed to collect from [Debtor]. Thus, [Debtor] would be paying [Petitioner] with the same funds that [Petitioner] previously paid to [Debtor]. That would be an exercise in futility. Therefore, the Court will allow setoff in this case.

*Id.*

The circumstances of the instant case are analogous. Here, Petitioning Creditor Young holds a valid final judgment against the Putative Debtor for $200,000.00, which the Putative Debtor attests in his Affidavit for Summary Judgment is uncontested. Likewise, Petitioning Creditor Trans-Mia holds a final judgment against Putative Debtor for $27,107.00, which the Putative Debtor also attests he is not contesting. The Putative Debtor is not seeking the security of a bond due to allegations of any bad faith on the part of either Petitioning Creditor. The involuntary petition was filed with three creditors, who appear to meet the requirements of 11 U.S.C. §303(b), with all petitioning creditors holding undisputed final judgments. Although SPG University Park LLC has withdrawn as a petitioning creditor pursuant to a settlement agreement with the Putative Debtor, "[i]t is well settled that the fact that a creditor is paid post-petition and withdraws his joinder in an involuntary case does not render the petition insufficient for lack of sufficient number of eligible creditors under §303(b)(1)." *In re Faberge Restaurant of Florida, Inc.,* 222 B.R. 385 (Bankr. S.D. Fla 1997) (Cristol, J.) (quoting *Matter of Sjostedt*, 57 B.R. 117, 120 (Bankr. M.D. Fla. 1986)).

As in *Apache*, the Court is maintaining security for any claim against the creditors that the Putative Debtor may ultimately have, without creating the need

for posting of additional collateral. There is already sufficient collateral in the form of two undisputed final judgments in the total sum of $227,107.00, which provide far more security for the Putative Debtor than this Court's original order requiring the creditors to post a $30,000.00 bond. Moreover, at this stage of the proceedings, the Court has made no determination regarding the merits of the petition or the respective rights and remedies of the parties.

The Petitioning Creditors have ten (10) days to execute and deliver collateral assignments in the forms attached to this Order as **Exhibit "A"** to Attorney Mancuso, to hold in trust pending further order of this Court. The collateral assignments can be transferred back to the Petitioning Creditors should they prevail on their involuntary petition or, if an award is ultimately made in favor of the Putative Debtor, the Court finds that the judgments totaling $227,107.00 constitute good and sufficient security. Accordingly, it is

**ORDERED** that the Motion to Stay Payment of the Bond Pending the Outcome of Appeal [DE 139], and the Motion for Enlargement of Time to Post Bond [DE 135] are GRANTED IN PART, as follows:

1. The Petitioning Creditors shall have ten (10) days to execute and deliver to the Putative Debtor's Attorney, Nathan Mancuso, collateral assignments of their judgments in the form attached to this Order as **Exhibit "A"**, whereupon this Court's Order of November 15, 2012 shall be deemed satisfied.

2. Attorney Mancuso shall, upon delivery of the collateral assignments, record same in the public records and hold the assignments in Trust. Attorney Mancuso shall be prohibited from further assigning, transferring or disposing of said assignments in any way pending further order of the Court.

###

Submitted by:

Robert A. Stok and Adam Shamir, Counsel for Petitioning Creditor, Aaron Young
Stok Folk + Kon
Harbour Centre, Ste 1005
18851 NE 29th Avenue
Aventura, FL 33180
Phone: 305-935-4440
Fax: 305-935-4470
E-mail: support@stoklaw.com

Robert A. Stok, Counsel for petitioning Creditor, Aaron Young is directed to mail a conformed copy of the foregoing to the creditors on the attached matrix and immediately upon receipt, file a certificate of service.

COMPOSITE EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                  Case No. 12-13288-AJC

HOSSAM ANTAR,                                              Chapter 7

      Alleged Debtor.
_____/

CONDITIONAL COLLATERAL ASSIGNMENT OF JUDGMENT

    Petitioning Creditor Aaron Young ("Assignor"), pursuant to an order in the above-styled action, does conditionally grant, bargain, sell, set over and assign all of Assignor's right, title and interest in a certain Final Judgment evidenced by a Judgment Lien Certificate, No. J12000077761, a copy of the Judgment Lien Certificate being attached hereto as **Exhibit "A"**, filed February 6, 2012, in the principal sum of $200,000.00 plus all accrued and accruing interest, said judgment having been entered by the Florida Secretary of State, to Putative Debtor Hossam Antar ("Assignee") as security for any award which may be rendered in favor of Assignee in the above-styled action. This conditional collateral assignment shall be held in trust by the Putative Debtor's attorney, Nathan Mancuso, and may not be further assigned, transferred, or otherwise disposed of pending an order issued in the above-styled Bankruptcy case.

              Aaron Young

_____   By:_____
Witness             Aaron Young
Print Name:_____     Petitioning Creditor

_____
Witness
Print Name:_____

STATE OF FLORIDA    )
             )ss:
COUNTY OF BROWARD  )

   Sworn and subscribed before me this \_\_\_\_ day of December, 2012, by _____, who is personally known to me and who did take an oath.

              _____
              NOTARY PUBLIC, State of Florida
              My Commission:

Exhibit "A"

## JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, FLORIDA STATUTES.

DO NOT PHOTOCOPY THIS FORM PRIOR TO USE. BAR CODE MUST BE LEGIBLE.

1. JUDGMENT DEBTOR (DEFENDANT) NAME AS SHOWN ON JUDGMENT, IF AN INDIVIDUAL, IS:

   LAST NAME: ANTAR
   FIRST NAME: HOSSAM
   M.I.:
   MAILING ADDRESS: 19601 E. Country Club Drive, Apt. 307
   CITY: Aventura    ST: FL    ZIP: 33180

2. ADDITIONAL JUDGMENT DEBTOR, IF AN INDIVIDUAL, IS:

   LAST NAME:
   FIRST NAME:
   M.I.:
   MAILING ADDRESS:
   CITY:    ST:    ZIP:

3. JUDGMENT DEBTOR (DEFENDANT) NAME AS SHOWN ON JUDGMENT, IF A BUSINESS ENTITY, IS:

   BUSINESS ENTITY NAME:
   MAILING ADDRESS:
   CITY:    ST:    ZIP:

4. FEDERAL EMPLOYER IDENTIFICATION NUMBER:

5. DEPARTMENT OF STATE DOCUMENT FILE NUMBER:
   PLEASE CHECK BOX IF DOCUMENT NUMBER IS NOT APPLICABLE ☐

6. JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT OR CURRENT OWNER OF JUDGMENT, IF ASSIGNED:

   CREDITOR NAME(S): AARON YOUNG
   MAILING ADDRESS: c/o Aaron Fine Arts, 1848 Reistertown Road
   CITY: Baltimore    ST: MD    ZIP: 21208

7. DEPARTMENT OF STATE DOCUMENT FILE NUMBER:
   PLEASE CHECK BOX IF DOCUMENT NUMBER IS NOT APPLICABLE ☐

8. OWNER'S ATTORNEY OR AUTHORIZED REPRESENTATIVE: (ACKNOWLEDGMENT OF FILING WILL BE SENT TO THIS ADDRESS)

   NAME: Lyudmila Lopata, Esq., Stok Folk + Kon
   MAILING ADDRESS: 18851 N.E. 29th Avenue, Suite 1005
   CITY: Aventura    ST: FL    ZIP: 33180

9. AMOUNT DUE ON MONEY JUDGMENT: $200,000.00

10. APPLICABLE STATUTORY INTEREST RATE: 11%

J12000077761
FILED
Feb 06, 2012 08:00 A.M.
Secretary of State
MSOLOMON

J12000077761
02/06/12--01046--010  **30.00

THIS SPACE FOR USE BY FILING OFFICER

11. NAME OF COURT: Miami-Dade County Court

12. CASE NUMBER: 11-20928

13. DATE OF ENTRY: March 17, 2011
    MONTH    DAY    YEAR

UNDER PENALTY OF PERJURY, I hereby certify that (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current, and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Judgment Lien Certificate for filing.

SIGNATURE OF CREDITOR OR AUTHORIZED REPRESENTATIVE

PRINT NAME: Lyudmila Lopata

NON-REFUNDABLE PROCESSING FEE:
JUDGMENT LIEN WITH ONE DEBTOR $20.00    EACH ADDITIONAL DEBTOR $5.00
EACH ATTACHED PAGE, IF NECESSARY $5.00    (NO CHARGE FOR CREDITOR AFFIDAVIT)

CERTIFIED COPY REQUESTED $10.00 ☑

Division of Corporations • P.O. Box 6250 • Tallahassee, Fl 32314 • 850-245-6039

CR2E091(09/10/03)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                            Case No. 12-13288-AJC

HOSSAM ANTAR,                                          Chapter 7

        Debtor.
_____/

## CONDITIONAL COLLATERAL ASSIGNMENT OF JUDGMENT

      Petitioning Creditor Trans-Mia, LLC ("Assignor"), pursuant to an order in the above-styled action, does conditionally grant, bargain, sell, set over and assign all of Assignor's right, title and interest in a certain Final Judgment evidenced by a Judgment Lien Certificate, No. J11000682984, a copy of the Judgment Lien Certificate being attached hereto as **Exhibit "A"**, filed October 17, 2011, in the principal sum of $27,107.00 plus all accrued and accruing interest, said judgment having been entered by the Florida Secretary of State, to Putative Debtor Hossam Antar ("Assignee") as security for any award which may be rendered in favor of Assignee in the above-styled action.  This conditional collateral assignment shall be held in trust by the Putative Debtor's attorney, Nathan Mancuso, and may not be further assigned, transferred, or otherwise disposed of pending an order issued in the above-styled Bankruptcy case.

                                                                                Trans-Mia, LLC

_____        By:_____
Witness                                               Trans-Mia, LLC
Print Name:_____            Petitioning Creditor


_____
Witness
Print Name:_____

STATE OF FLORIDA         )
                                      )ss:
COUNTY OF BROWARD    )

       Sworn and subscribed before me this \_\_\_\_ day of December, 2012, by

_____, who is personally known to me and who did take an oath.

                                                     _____
                                                     NOTARY PUBLIC, State of Florida
                                                   My Commission:

<u>Exhibit "A"</u>

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

ANTAR, HOSSAM
19601 EAST COUNTRY CLUB DRIVE
#307
AVENTURA, FL. 33180

WEST END GALLERY, INC.
5836 RODMAN STREET
HOLLYWOOD, FL. 33023
FEI#: 65-1119849    DOS DOCUMENT#: P00000030704

J11000682984
**FILED**
Oct 17, 2011 02:59 P.M.
**Secretary of State**
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

TRANS-MIA, LLC D/B/A TRANSGROUP WORLD WIDE LGST., ET AL
10300 N.W. 19TH STREET
BUILDING 105
MIAMI, FL 33172
DOS DOCUMENT#: L06000104334

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

MICHAEL A. GARCIA
MGARCIA@FOWLER-WHITE.COM

AMOUNT DUE ON MONEY JUDGMENT: 27,107.00
APPLICABLE INTEREST RATE: 6.00%
NAME OF COURT: MIAMI-DADE CIRCUIT COURT
CASE NUMBER: 11-9000 CA 01
DATE OF ENTRY: 10/04/11
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
    ( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
    (X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: MICHAEL A. GARCIA