

**ORDERED in the Southern District of Florida on April 12, 2013.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                          Case No. 12-13288-AJC

HOSSAM ANTAR,                                   Involuntary Chapter 7

      Alleged Debtor.

_____/

## ORDER DENYING ALLEGED DEBTOR'S MOTION FOR SUMMARY JUDGMENT AND GRANTING SUMMARY JUDGMENT IN FAVOR OF PETITIONING CREDITORS

**THIS MATTER** came before the Court for a hearing on November 14, 2012, on Alleged Debtor Hossam Antar's ("Antar" or "Alleged Debtor") Motion to Dismiss Involuntary Case [DE 11], Motion to Strike Involuntary Petition or for Summary Judgment [DE 84], and Petitioning Creditor Aaron Young's ("Young") Response thereto [DE 96]. Alleged Debtor has moved for summary judgment in his favor because he contends that three petitioning creditors are needed to prosecute this Involuntary Petition, and there remain only two petitioning creditors upon the withdrawal of the third petitioner, SPG University Park LLC ("SPG"), after it entered into a settlement agreement with the Alleged Debtor. At a status conference conducted on the Alleged

Debtor's Motion for Summary Judgment, the parties agreed that the issues raised by the Alleged Debtor would be ripe for consideration by summary judgment, but the remaining Petitioning Creditors asked for additional time to complete pending discovery. Accordingly, the Court gave the parties until January 15, 2013 to submit competing Orders on the Alleged Debtor's Motion.

Subsequent to the hearing and after the close of discovery, Petitioning Creditor Aaron Young filed his own Cross-Motion for Summary Judgment [DE 184] and was joined by Petitioning Creditor TransGroup International ("Trans-Mia") [DE 185] and submitted a proposed order on the same.  Instead of submitting a proposed order as directed by the Court, the Alleged Debtor filed an "Emergency Motion for Abstention," which this Court denied [DE 194]. Thereafter, Alleged Debtor filed his Memorandum in Opposition to the Petitioning Creditors' Cross-Motion for Summary Judgment [DE 184] and submitted a proposed order on same. Petitioning Creditor Young replied to the Alleged Debtor's memorandum in opposition and submitted a revised order granting him summary judgment, taking into account the issues raised in the Alleged Debtor's opposition.

Upon consideration of the Alleged Debtor's Motion, the Response, the Petitioning Creditor's Cross-Motion, and the afore-referenced competing memoranda, the Court denies Alleged Debtor's Motion and grants summary judgment in favor of the Petitioning Creditors.

## UNDISPUTED FACTS

1.    On February 10, 2012, Petitioning Creditor, Aaron Young, along with petitioning creditors Trans-Mia and SPG filed an Involuntary Bankruptcy Petition against Alleged Debtor [DE 1].

2.      Five months later, on July 19, 2012, SPG, one of the three petitioning creditors, withdrew from the involuntary petition pursuant to a confidential settlement agreement with the Alleged Debtor [DE 83], but remained a creditor of the Debtor.

3.      On July 19, 2012, Alleged Debtor filed his Motion to Strike Involuntary Petition or, in the alternative, for Summary Judgment, and for Sanctions. [DE 84].

4.      The basis for Alleged Debtor's requested relief relies primarily upon the withdrawal of SPG as a petitioning creditor.  Alleged Debtor contends that SPG's withdrawal causes there to be only two petitioning creditors, and that the involuntary petition filed in this case would be ineligible if Alleged Debtor has 12 or more non-insider creditors that meet the requirements of 11 U.S.C. §303(b).

5.      In support of his contention, Alleged Debtor attaches an exhibit described as Hossam Antar's Affidavit ("Affidavit") to support his claim that he has more than 12 such creditors [DE 84] as of July 19, 2012.  However, as the Petition indisputably was brought by three petitioning creditors with undisputed claims against the Alleged Debtor, Young seeks summary judgment ordering relief on the Petition.

6.      On December 28, 2012, Petitioning Creditors filed their Cross-Motion for Summary Judgment [DE 184].

7.      On January 22, 2013, Alleged Debtor filed his Emergency Motion for Abstention And Stay of Ruling [DE 187], asserting that this Involuntary Petition is "essentially a two-party dispute" between Alleged Debtor and Petitioning Creditor Aaron Young.  Alleged Debtor's Emergency Motion was denied by this Court on January 23, 2013 [DE 194].

8.      Alleged Debtor submitted his response to the Petitioning Creditors' Cross-Motion for Summary Judgment on January 23, 2013 [DE 193].  Alleged Debtor's response argues that

the withdrawal of Petitioning Creditor SPG renders the Involuntary Petition ineligible for lack of sufficient number of petitioning creditors, because the Alleged Debtor has more than 12 creditors, thereby requiring three petitioning creditors.  Alleged Debtor takes the position that small, recurring, *de minimis* creditors must be included in counting the amount of eligible creditors under 11 U.S.C. §303(b).

## ANALYSIS

After review of the parties' competing memoranda and the applicable case law, this Court grants summary judgment on the Involuntary Petition in favor of the Petitioning Creditors and enters an Order for Relief against Hossam Antar in this case.

**I.    All Requirements of §303(h) Have Been Met.**

Section 303(h) of the Bankruptcy Code provides:

> [A]fter trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if . . . the debtor is generally not paying such debtor's debts as such debts become due unless such debts as the subject of a bona fide dispute as to liability or amount.

11 U.S.C. §303(h).  Pursuant to §303(h), an order for relief is granted against Alleged Debtor on the Involuntary Petition based on the following facts: (i) the Petitioning Creditors are eligible to file the Involuntary Petition against Alleged Debtor because, among other reasons, their claims against Alleged Debtor are not subject to any *bona fide* dispute; (ii) Alleged Debtor is a debtor within the definition of that term in Title 11 of the United States Code; and (iii) Alleged Debtor is generally not paying his debts as they become due.

First, this Court has already acknowledged that the Involuntary Petition was brought by three (3) petitioning creditors with individual claims not subject to any *bona fide* dispute pursuant to 11 U.S.C. §303(b).  The Court ruled, in granting Petitioning Creditor SPG's Motion

for a Protective Order [DE 131], that SPG's settlement and withdrawal did not affect its status as one of three petitioning creditors as of the date of the filing of the petition [DE 166]. The Court further granted the Alleged Debtor's Renewed Motion to Require Remaining Petitioning Creditors to Post Bond Pursuant to 11 U.S.C. §303 [DE 111], based upon the Alleged Debtor's admission that the judgment claims held by each of the two remaining Petitioning Creditors were not contested.

Second, the Alleged Debtor is a person against whom an order for relief may be entered under Title 11 of the United States Code. Section 109 of the Bankruptcy Code defines a debtor as a person who resides or has a domicile, a place of business, or property in the United States, or a municipality. 11 U.S.C. §109(a). In his Affidavit for Summary Judgment, Alleged Debtor includes several bills from creditors demonstrating that his home address is in Aventura, Florida [DE 182]. During the Alleged Debtor's deposition, P. 4, Lns. 11-18, he admitted that he rents an apartment at 19601 East Country Club Drive, No. 307, Aventura, Florida 33180 [DE 183].

Third, Alleged Debtor is generally not paying his debts as they come due. This issue is properly analyzed using a totality of the circumstances test. *Federal Financial Co. v. DeKaron Corp.,* 261 B.R. 61, 65 (S.D. Fla. 2001). The totality of the circumstances approach "focuses on the debtor's financial condition by looking at several different factors, including the number of unpaid claims, the amount of the claims, the materiality of nonpayment, and the overall conduct of the debtor's financial affairs." *Id.* (citing *In re Smith*, 243 B.R. 169, 190 (Bankr. N.D. Ga. 1999)). To determine whether an alleged debtor is "generally not paying" his debts as they become due, so as to be properly subject to an involuntary petition, courts examine the matured and unpaid debt in context of its size in proportion to assets of the debtor, and its size in proportion to other debt. *In re Paper I Partners, L.P.*, 283 B.R. 661 (Bankr. S.D.N.Y. 2002).

Assuming *arguendo* that all of the creditors listed in Alleged Debtor's Affidavit [DE 182] are legitimate creditors that meet the requirements of 11 U.S.C. §303(b), Alleged Debtor has total liabilities of $350,311.80. Of these liabilities, the debts that Alleged Debtor has not paid as they became due comprise $297,622.42, or **85%** of his total liabilities:

a. $200,000.00 undisputed final judgment owed to Aaron Young, recorded February 6, 2012. It is undisputed that no money has been paid by Alleged Debtor on this claim.

b. $27,107.00 undisputed final judgment owed to Trans-Mia LLC, recorded October 17, 2011. It is undisputed that no money has been paid by Alleged Debtor on this claim.

c. $63,500.00 owed to SPG University Park LLC. This Court's Order [DE 166] noted that the settlement agreement between Alleged Debtor and SPG makes a contingent "payment arrangement" but does not state that any money has been paid.

d. $1,502.61 owed to Chase Card Services, a debt which is evidenced by a notice attached to Alleged Debtor's Affidavit [DE 182]. It is undisputed that this debt was not being paid as it came due. *See* Notice from Chase Bank dated December 6, 2011, attached to Alleged Debtor's Affidavit [DE 182] (stating that "we have attempted to provide payment solutions to resolve your outstanding debt on your credit card account for an extended period of time. Unfortunately, we have been unable to reach an arrangement with you.").

e. $5,512.81 owed to Barclay's Card Services, a debt which is evidenced by a notice attached to Alleged Debtor's Affidavit [DE 182]. At his deposition, Alleged Debtor admits that this debt was also not being paid as it came due. *See* Transcript of Alleged Debtor's Deposition, P. 48, Lns. 13-25:

> **Q:** Now, Barkley (sic) Card Services, you show a debt of $5,512.81.
> When was that debt accumulated?
> **A: A while ago.**
> **Q:** You can say a while ago, but that is a relative term.
> **A:** I don't recall. **Maybe year and a half ago, two years ago.**
> **Q:** So on February 10, 2012, you owed Barkley (sic) Card Services
> approximately the same amount of money, is that a fair statement?
> **A:** Most likely, yes. Unless they keep assessing other charges or
> something.

[DE 183] (emphasis added)*; see also* Letter from Barclay's addressed to Hossam
Antar attached to Alleged Debtor's Affidavit [DE 182] (assigning his unpaid debt to
the debt collection agency First Financial Asset Management, stating "this is an
attempt to collect a debt.").

Indeed, under the totality of the circumstances, Alleged Debtor's non-payment of 85% of his
debts as they became due gives rise to the assertion that he is "generally not paying his debts as
they come due."

## II.    <u>Involuntary Petition was Properly Filed by Three Petitioning Creditors.</u>

Petitioning Creditors are entitled to summary judgment because each of the three
petitioners who brought this involuntary petition hold non-contingent, undisputed claims against
the Alleged Debtor, two holding an undisputed, noncontingent final judgment and one holding
an undisputed debt against the Alleged Debtor.  Summary judgment is appropriate when the
moving party demonstrates that there are no genuine issues of material fact and it is entitled to
judgment as a matter of law.  *Island Place Apartments, LLC v. First Home View Corp.* (*In re
Greater Miami Neighborhoods, Inc.*), No. 08–01186–AJC, 2008 WL 2444530, at *4 (Bankr.
S.D. Fla. June 16, 2008); *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986).  Motions for
summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure are made

applicable to proceedings related to a contested involuntary petition by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

This Court has the power to grant summary judgment in favor of the Petitioning Creditors even without their Cross-Motion for Summary Judgment [DE 184]. When a party moves for summary judgment, a court may *sua sponte* grant summary judgment in favor of the non-moving party, if the non-moving party is on notice of the issues to be ruled upon and if the non-movant is entitled to summary judgment as a matter of law. *In re Cox*, 200 B.R. 706, 708 (N.D. Ga. 1996) ("when a non-moving party is entitled to judgment as a matter of law, the court may grant summary judgment in favor of the non-moving party"); *In re Diamantis,* No. 06-70046-JAC-11, 2007 WL 3087463, at *2 (N.D. Ala. Oct. 19, 2007); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1203 (11th Cir. 1999); *Bosarge v. U.S. Dep't. of Education*, 5 F.3d 1414, 1416, n.4 (11th Cir. 1993).

## A. The Involuntary Petition Was Brought By Three Petitioning Creditors With Undisputed Liquidated Claims.

Granting summary judgment pursuant to 11 U.S.C. §303(h) and entering an order for relief is appropriate because the Involuntary Petition was filed by three creditors with liquidated undisputed claims. Assuming that Alleged Debtor has more than twelve (12) qualified creditors, summary judgment is nonetheless appropriate because the involuntary petition was originally brought by three petitioning creditors, each holding noncontingent, undisputed claims against Alleged Debtor. A subsequent withdrawal of one petitioning creditor does not render the petition insufficient for lack of sufficient number of eligible creditors, nor does it deprive the Court of jurisdiction or require dismissal of the petition. To hold otherwise would destroy the

concept of ratable distribution among creditors and allow a prospective debtor to prefer one creditor over others.

Section 303(b) of the Code provides that:

An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $10,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724 (a) of this title, by one or more of such holders that hold in the aggregate at least $10,000 of such claims.

In this case, the involuntary petition was filed on February 10, 2012 by three petitioning creditors:  Aaron Young, SPG, and Trans-Mia.  Aaron Young holds a $200,000.00 undisputed final judgment against Alleged Debtor, which Alleged Debtor does not contest and did not appeal.  Affidavit of Alleged Debtor [DE 182].   Trans-Mia similarly holds an undisputed final judgment against Alleged Debtor, recorded in the amount of $27,107.00.  *Id.*  Lastly, on the date the involuntary petition was filed, the third Petitioning Creditor SPG held a $63,500.00 undisputed final judgment against Alleged Debtor, to which Alleged Debtor also attests in his Affidavit [DE 182].  Accordingly, assuming that Alleged Debtor has more than twelve qualified creditors as he contends, the requirements of 11 U.S.C. §303(b)(1) have been met.

**B.** **SPG's Withdrawal as a Petitioning Creditor Does Not Affect Its Status as the Third Petitioning Creditor.**

Withdrawal of one petitioning creditor from an involuntary petition that was brought by the requisite number of petitioning creditors does not render the petition insufficient for lack of the required amount of eligible creditors.  On or around July 20, 2012, five months after the petition was filed, Alleged Debtor and SPG entered into a confidential settlement agreement, resulting in SPG's withdrawal as a petitioning creditor.  *See* SPG's Stipulation of Withdrawal with Prejudice from Involuntary Bankruptcy Petition [DE 91].  When Young sought to discover the circumstances surrounding SPG's withdrawal and the settlement agreement, SPG filed two Motions for Protective Order [DE 106, 131].  On December 10, 2012, this Court granted SPG's Protective Order [DE 166], and after an *in camera* review, this Court determined that that the settlement agreement "does not affect SPG's status as a petitioning creditor as of the date of the filing of the petition."  *See* Order Granting SPG's Second Motion for Protective Order [DE 166].

Indeed, a subsequent withdrawal by one petitioning creditor does not render an involuntary petition insufficient for not having the requisite number of creditors.  *In re Carvalho Industries, Inc.,* 68 B.R. 254, 256 (Bankr. D. Or. 1986) (denying debtor's motion for dismissal or summary judgment after a petitioning creditor withdrew due to a settlement with the debtor, where the debtor did not contend that the petitioners were ineligible to be petitioning creditors for any reason other than post-petition payment or settlement);  *In re Faberge Restaurant of Florida, Inc.,* 222 B.R. 385 (Bankr. S.D. Fla. 1997)("[i]t is well settled that the fact that a creditor is paid post-petition and withdraws his joinder in an involuntary case does not render the petition insufficient for lack of sufficient number of eligible creditors under §303(b)(1).") (quoting *In re Sjostedt*, 57 B.R. 117, 120 (Bankr. M.D. Fla. 1986)); *In re Claxton,* 21 B.R. 905,

908-09 (Bankr. E.D. Va. 1982) (determining the sufficiency of the involuntary petition by looking only to the petitioners' status as creditors on the date the original petition was filed, and further stating that "[i]mportant policy considerations underlie this rule, which is aimed at avoiding collusion between petitioners and the debtor.  An involuntary petition protects all creditors of the debtor, not only those presently before the court.") (citing *In re All Media Properties, Inc.*, 5 B.R. 126, at 144-145 (Bankr. S.D. Tex. 1980), aff'd, 646 F.2d 193 (5th Cir. 1981)); *Sheehan & Egan, Inc. v. North Eastern Shoe Co.*, 47 F.2d 487, 489 (1st Cir. 1931) ("Who are outstanding creditors and their number is to be determined as of the date of the filing of the petition."  A creditor's settlement of his claim against the debtor after the petition was filed was immaterial); *In re Key Auto Liquidation Ctr., Inc.,* 372 B.R. 74, 78 (Bankr. N.D. Fla. 2007) ("[A]n alleged debtor cannot avoid an order for relief by paying creditors post-petition.") (citing *In re Faberge Restaurant of Florida, Inc.,* 222 B.R. at 388); *In re All Media Properties, Inc.,* 5 B.R. 126, 144-45 (Bankr. S.D. Tex. 1980) ("[T]o deny relief simply because the debtor brings some of his debts current after the petition is filed would deprive other creditors, who remain unpaid, of the protective provisions afforded creditors under the Code.").

In furtherance of this well-settled principle, it is widely recognized that a court may even *refuse* a petitioning creditor's withdrawal if to do so would defeat the involuntary petition.  *In re Mollen Drilling Co., Inc.,* 68 B.R. 840, 842-843 (Bankr. D. Mont. 1987); *In re Elsub Corporation*, 70 B.R. 797, 809 (Bankr. D. NJ. 1987) ( "[c]ourts have held as a general rule that if a creditor is an eligible petitioning creditor, that creditor cannot withdraw if its withdrawal would result in the defeat of the involuntary petition."); *Sheehan & Egan, Inc. v. North Eastern Shoe Co.*, 47 F.2d 487 (1st Cir. 1931); *In re Ross*, 63 B.R. 951, 962 (Bankr. S.D.N.Y. 1986); *In re*

*Claxton*, 21 B.R. 905 (Bankr. E.D. Va. 1982); 2, *Colliers on Bankruptcy* §303.37(3) (15th Ed. 1986)).

The obvious reason for this rule is to deal with precisely the circumstances presented by the present case, which is that alleged debtors should not be permitted to "buy" their way out of the requirements of an involuntary proceeding.  If the requirements of 11 U.S.C. §303(b) are met as of the date the involuntary petition is filed, the law is well-settled that subsequent settlement with a creditor should be of no consequence.  There being no other allegations of inadequacy of the involuntary petition, this Court enters an order for relief upon the Involuntary Petition.

The Alleged Debtor attempts to distinguish *Faberge* and its progeny with cases from other jurisdictions.  Alleged Debtor seeks refuge in a case where a petitioning creditor was allowed to withdraw from the petition due to a mistake, thereby invalidating the petition.  *Liberty Tool & Mfg. v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.),* 277 F.3d 1057, 1065 (9th Cir. 2002).  This analysis is unavailing.  In *Vortex Fishing*, one petitioning creditor withdrew from the petition based on that creditor's misunderstanding of the facts of that case. *Id.* at 1065.  The remaining petitioners maintained that the court erred in allowing such withdrawal because it caused the petition to fail for lack of sufficient creditors.  *Id.*  In support of their position, the petitioners attempted to employ the "rather obvious proposition" that "[s]ubsequent payment by the bankrupt of some of these creditors could not deprive the court of jurisdiction." *Id.* (quoting *Reed v. Thornton*, 43 F.2d 813, 813 (9th Cir. 1930)).  The court then distinguished the circumstances leading to withdrawal in *Vortex Fishing* from typical cases such as *Faberge* involving post-petition payment or settlement, and did not apply *Faberge*'s rationale because the facts were dissimilar.  *Id.*

Here, SPG did not withdraw from the Petition due to a misunderstanding.  It withdrew for consideration.  In stating that the *Faberge* and *Carvalho* rationale did not apply to the facts of *Vortex Fishing*, the court was in no way limiting the holdings of those cases. Accordingly, Alleged Debtor's reliance on the non-binding case of *Vortex Fishing* is inapplicable.

For the foregoing reasons, granting summary judgment and entering an order for relief is appropriate in this case because the Petitioning Creditors satisfy the statutory numerosity requirements of 11 U.S.C. §303(b) as of the petition date, with each Petitioning Creditor holding an undisputed debt against Alleged Debtor.

## CONCLUSION

Petitioning Creditors Aaron Young and Trans-Mia LLC are entitled to Summary Judgment because there exists no genuine issue of material fact in this case and Petitioning Creditors have demonstrated that they are entitled to judgment as a matter of law.   The Involuntary Petition was brought by three petitioning creditors, each holding undisputed final judgments against the Alleged Debtor, meeting all applicable requirements of law.  Petitioning Creditors have demonstrated that an Order for Relief is appropriate under the circumstances of this case.  For the foregoing reasons, it is:

**ORDERED** as follows:

1.      Alleged Debtor's Motion to Dismiss Involuntary Case [DE 11] and Motion to Strike Involuntary Petition or for Summary Judgment [DE 84] are **DENIED.**

2.      The Petitioning Creditors' Cross-Motion for Summary Judgment [DE 184] is **GRANTED**.  This Court orders that relief be entered and Hossam Antar is now a Debtor under Chapter 7 of the Bankruptcy Code.

3.      This Court's previous order mandated the delivery of the Petitioning Creditors'
conditional assignment of judgments to Alleged Debtor's Attorney Nathan Mancuso as Trustee
[DE 168].  As a result of the summary judgment rendered in favor of the Petitioning Creditors,
Attorney Mancuso ordered to return the conditional assignments of judgment to the respective
petitioning creditors.

###

Submitted by:
Robert A. Stok and Adam Shamir, Counsel for Petitioning Creditor, Aaron Young
Stok Folk + Kon
18851 NE 29th Avenue, Suite 1005
Aventura, FL 33180
Phone: 305-935-4440 | Fax: 305-935-4470
E-mail: support@stoklaw.com

Robert A. Stok, Counsel for Petitioning Creditor, Aaron Young is directed to mail a conformed
copy of the foregoing to the creditors on the attached matrix and immediately upon receipt, file a
certificate of service.